

## NUMBER 13-11-00776-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**TAMYRA SHANTE WARNER,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

## On appeal from the 329th District Court
## of Wharton County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

Appellant, Tamyra Shante Warner, was convicted of aggravated robbery and sentenced to twenty-five years in the Texas Department of Criminal Justice–Institutional Division (TDCJ-ID). *See* Tex. Penal Code Ann. § 29.02 (West 2011). In one issue, Warner argues that there was insufficient evidence to support her conviction of

aggravated robbery, particularly the aggravated element of using a deadly weapon during the commission of the crime. *Id.* § 29.03(a)(2) (West 2011). We affirm.

## I. BACKGROUND

This case involves a robbery that occurred at a convenience store in Wharton County, Texas. Warner testified that she, Joseph Jackson, and Lataya Hawkins planned to rob the K-V Convenience Store. Jackson entered the store and committed the actual robbery, while Warner and Hawkins waited in the getaway car. All three perpetrators were arrested later that day.

At her trial, Warner freely acknowledged her participation in the planning and execution of the robbery. However, while testifying in her own defense, Warner denied that she knew that Jackson was planning to wield a gun during the commission of the crime. She testified that she heard "something about a .380" while changing clothes before leaving for the convenience store, but she was not aware that it referred to a gun that would be used during the robbery. She stated that that the "first time [she] knew about a gun was … after it all happened, maybe at the police station." While on the stand, Warner also admitted that she had a past criminal history and had previously been arrested for a theft and two separate robberies.

During cross-examination, the State played a tape-recorded phone conversation to refute Warner's claim that she did not know that a gun would be used during the robbery. The conversation was between Warner, who was in jail after being arrested for the aggravated robbery, and an undisclosed third person. During the recording, Warner mentions, "She [Hawkins] gave that boy [Jackson] that gun to do that shit with." The State also read portions of Warner's testimony from Hawkins's trial, where Warner

2

testified against her friend Hawkins. The State's prosecutor read the following impeachment testimony into evidence:

> Now . . . I asked you, in the same time that you testified under oath telling the full truth, "And was there discussion about using a weapon?" And you answered, "Yes." I asked you, "Who brought that up?" You said, "Lataya." And I asked you, "By Lataya, you mean the defendant?" And you said, "Yes." Then . . . you stated that the defendant brought up using a weapon, correct? And you answered, "Yes." I asked you on line 13, "What type of weapon was that?" And you said, "She mentioned a .380." And I asked you, "And .380, you mean .380 caliber, the type of weapon?" And you answered, "A gun." Now I asked you on line 21, "And what did she tell the two of you as to how to get this done?" And you answered, "She telling Mr. Jackson, Joseph Jackson, just, you know, where the money was and to go on down, just really not trying to hurt the man, to scare him with the gun. Make him turn around. Push him down so he would know what was going on. To go in there with the gun though. . . ."

Later, Warner also admitted lying to the police immediately after her arrest, denying her involvement in the robbery. She testified, "I lied the first time because I didn't want me and my friend [Hawkins] to get in trouble . . . I did lie to the police."

After the trial, the jury convicted Warner of aggravated robbery. The trial court, after considering two enhancement felonies, sentenced her to twenty-five years in prison at TDCJ-ID. This appeal ensued.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

The *Jackson v. Virginia* legal-sufficiency standard "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We thus apply the *Jackson* standard to our review and inquire whether "considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt

3

beyond a reasonable doubt" in this case. *Id.* at 899. In our analysis, we are required to "defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight given to their testimony." *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979).

"[S]ufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc); *Trevino v. State*, 228 S.W.3d 729, 736 (Tex. App.—Corpus Christi 2006, pet. ref'd). Here, a person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, a person intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PEN. CODE ANN. § 29.02(a)(2). One way a robbery becomes aggravated is if the robber "uses or exhibits a deadly weapon." *Id.* § 29.03(a)(2) (West 2011).

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. *Id.* § 7.01(a) (West 2011). Each party to an offense may be charged with commission of the offense. *Id.* § 7.01(b). A person is criminally responsible for an offense of another if "acting with intent to promote or assist the commission of the offense" a person "solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id.* § 7.02 (West 2011).

4

## III. ANALYSIS

In her only issue, Warner asserts that the evidence was insufficient to show that she knew that Jackson would use a gun during the robbery. She argues that she "was in the car used in the robbery but did not enter the store that was robbed, nor did [she] use or exhibit a deadly weapon."

Warner's argument, however, is belied by her own testimony. At her trial, she testified that she heard "something about a .380" while changing clothes before leaving for the convenience store. She claimed, though, that she did not know that this meant that a .380 caliber weapon would be used during the robbery. Further, on a tape-recorded phone conversation the State played for the jury, she is heard saying that Hawkins gave Jackson the gun with which to commit the robbery.

Warner's testimony at Hawkins's trial similarly contradicts the claim that she did not know a gun would be used during the robbery. She freely admitted that there was discussion about using a weapon prior to the commission of the crime, that the weapon was a .380 caliber handgun, and that Hawkins advised Jackson to scare the store employee with the gun to get the money.

Warner's conflicting statements, combined with her testimony that she later lied to the police about her involvement and that she had a prior history of theft and robbery, influenced the jurors' deliberations. Viewing all of the evidence in the light most favorable to the verdict, we hold that the jury was rationally justified in finding that Warner committed aggravated robbery beyond a reasonable doubt. *See Brooks*, 323 S.W.3d at 899. There was sufficient evidence to show that Warner, "acting with intent to promote or assist" the robbery, "solicited, encouraged, directed, or aided" both Hawkins

5

and Johnson to commit the offense.    TEX. PEN. CODE ANN. § 7.02.

We overrule Warner's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.


_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
25th day of April, 2013.